UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALBERTO LOCSIN *et al.*, | ) | Civil No. 09cv153-L(RBB) |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION TO** |
| v. | ) | **DISMISS** |
| | ) | |
| QUICK LOAN FUNDING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this mortgage fraud action, Defendants Countrywide Home Loans, Inc. ("Countrywide") and Mortgage Electronic Registration Systems, Inc. ("MERS," collectively "Moving Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose the motion. The Moving Defendants' motion is **GRANTED** as unopposed.

"If an opposing party fails to file papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. Loc. R. 7.1(f)(3). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (dismissal of a *pro se* prisoner's complaint pursuant to local rule for failure to file an opposition to a motion to dismiss).

/ / / / /

"Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Id*. (internal quotation marks and citations omitted). "Although it is preferred, it is not required that the district court make explicit findings in order show that it has considered these factors . . .." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The court is mindful that "[p]ublic policy favors disposition of cases on the merits," which weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Nevertheless, dismissal is appropriate in cases where other factors support it. *See, e.g., id.* at 643; *Yourish*, 191 F.3d at 990, 992.

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Furthermore, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" Plaintiff in this case. See *Pagtalunan*, 291 F.3d at 642. This factor therefore favors dismissal. Next, "the risk of prejudice to the defendant is related to plaintiff's reason for defaulting in failing to timely" comply with the due dates established by local rules. *See Yourish*, 191 F.3d at 991. Plaintiffs' opposition was due four and a half months ago, on March 30, 2009. Consistent with the practice in numerous other cases, *see infra*, Plaintiffs, through their counsel, to date have not filed an opposition or a notice of non-opposition, and have not provided any explanation at all for their delay. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. The prejudice factor, supported by unexplained and lengthy delay, also favors dismissal in this case.

This case does not present an innocent circumstance of a forgetful counsel. Plaintiffs' counsel has developed a habit of not responding to motions to dismiss. In addition to the present case, he has followed this habit in numerous cases pending in this District, three of which were assigned to the undersigned. *See, e.g., Bartolome v. Downey Savings & Loan*, 08cv1777 LAB

(WMC); *Uribe v. Countrywide Financial*, 08cv1982 L (NLS); *Uribe v. MorgageIT*, 08cv1983 L (NLS); *Ajero v. Aegis Wholesale Corp.*, 08cv2002 W (JMA); *Bantog v. Downey Savings & Loan*, 08cv2212 MMA (POR); *Cataulin v. Washington Mutual Bank*, 08cv2419 JM (NLS); *Silva v. US Bank*, 09cv36 JAH (BLM); *Rosales v. Downey Savings & Loan*, 09cv39 WQH (AJB); *Hernandez v. Downey Savings & Loan*, 09cv40 JAH (JMA); *Floyd v. Millennium Mortgage Corp.*, 09cv115 BEN (NLS); *Andrade v. Wachovia Mortgage*, 09cv377 JM (WMC). In each of these eleven cases, the court was put to the task of reviewing the complaint and a motion to dismiss without an opposition from the plaintiff. In the present case individually and in all of the listed cases cumulatively, counsel's bad habit has interfered with and delayed the court's docket, siphoning the court's time and resources away from cases where the litigants see it fit to devote enough attention to provide the court with the benefit of their arguments when substantive motions are filed against their interests. Given the persistence of this practice, the court finds that yet again offering counsel a less drastic alternative, such as considering the merits of the Moving Defendants' motion without the benefit of Plaintiffs' argument in opposition, would serve only to encourage the bad habit and consume more of the court's time and resources which could have been devoted to other cases on its docket. *See Pagtalunan*, 291 F.3d at 643.

The Moving Defendants' motion to dismiss is **GRANTED** as unopposed.

**IT IS SO ORDERED.**

DATED: August 18, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL